# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ARCHIE LEE O'QUINN,

    Petitioner,

v.

BLAINE C. LAFLER,

    Respondent,

                                     /

Civil No. 2:07-15243
HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER OF SUMMARY DISMISSAL

Archie Lee O'Quinn, ("petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Chari K. Grove of the State Appellate Defender Office, petitioner challenges his conviction for second-degree murder, Mich. Comp. Laws § 750.317. Respondent has filed a motion for summary judgment on the ground that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner was originally charged with first-degree murder for the shooting death of a pawnshop owner in Detroit, Michigan on April 4, 1969. On June 16, 1969, petitioner pleaded guilty to a reduced charge of second-degree murder in the Detroit Recorder's Court. On July 14, 1969, petitioner was sentenced to life in prison.

Petitioner requested the appointment of appellate counsel. Appellate counsel filed a motion

1

to withdraw from the case and an *Anders* brief.[1] In response, the Michigan Court of Appeals affirmed petitioner's conviction on May 28, 1970. The Michigan Supreme Court denied petitioner's application for leave to appeal on August 9, 1973. During the pendency of his appeal, petitioner filed a *pro se* motion to vacate sentence and to withdraw his guilty plea on June 9, 1972, and a *pro se* motion for a new trial on September 13, 1972. These motions were denied respectively on October 4, 1974, and June 13, 1975.[2]

On September 27, 2004, Judge Brian R. Sullivan of the Wayne County Circuit Court granted petitioner's request for an attorney to help him prepare a post-conviction motion.[3] On October 4, 2004, the State Appellate Defender Office was appointed to represent petitioner. On August 29, 2005, petitioner's counsel filed a motion for relief from judgment with the trial court pursuant to Mich. Ct. R. 6.500, *et. seq.* After the trial court and the Michigan Court of Appeals denied petitioner's application for post-conviction relief, state post-conviction proceedings were concluded when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his motion for post-conviction relief on January 4, 2007. *See People v. O'Quinn*, 725 N.W. 2d 348 (Mich. 2007). The instant petition was filed by counsel on December 10, 2007.

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] Neither party has provided the citations for these various court decisions. However, petitioner has listed the dates of these decisions in his petition and respondent has not disputed the dates. Therefore, the Court will accept these dates as accurate.

[3] In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Anthony v. Michigan*, 35 F. Supp. 2d 989, 996–97 (E.D. Mich. 1999).

any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman*, 221 F. 3d 846, 851 (6th Cir. 2000) (quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary-judgment rule applies to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, the direct appeal of petitioner's conviction ended when the Michigan Supreme Court denied petitioner's application for leave to appeal on August 9, 1973. Petitioner's conviction would become final, for the purposes of commencing the AEDPA's one-year limitations period, on the date that the 90-day time period for seeking certiorari with the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment

3

therefore became final on November 7, 1973, when he failed to file a petition for writ of certiorari with the United States Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Because petitioner's conviction became final prior to the April 24, 1996, enactment date of the AEDPA, however, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *See Porter v. Smith*, 126 F. Supp. 2d 1073, 1074–75 (E.D. Mich. 2001). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than April 24, 1997, in order for the petition to be timely filed. *Id.* at 1075.

The Court notes that petitioner filed a motion to vacate his sentence and to withdraw his guilty plea on June 9, 1972, and a motion for a new trial on September 13, 1972. These motions were denied on October 4, 1974, and June 13, 1975. This Court must resolve whether these two motions would be considered part of the direct review process or the collateral review process, for determining when the one-year statute of limitations commenced pursuant to 28 U.S.C. § 2244(d)(1)(A). The Sixth Circuit, in the context of determining the applicability of the Supreme Court's holding in *Sandstrom v. Montana*,[4] has noted that "[t]he Michigan courts have generally adopted the view that long-delayed appeals are not regarded as part of a defendant's direct appeal." *Wheeler v. Jones*, 226 F. 3d 656, 659 (6th Cir. 2000) (*citing People v. Ward*, 594 N.W. 2d 47, 52 (Mich. 1999)). In this case, petitioner's motion to vacate his guilty plea should be considered a collateral attack on his conviction, because it was filed almost three years after his sentencing. *See Ward*, 594 N.W.2d 47 (defendant's motion to vacate his guilty plea, which was filed more than fourteen months after conviction, should have been considered a collateral attack on his conviction);

---

[4] 442 U.S. 510 (1979).

*see also Paige v. Birkett*, No. 05-71917, 2006 WL 273619, at *4 (E.D. Mich. Jan. 31, 2006) (petitioner's motion to vacate guilty plea, which was filed two years and five months after sentencing, considered collateral attack on petitioner's conviction for purposes of calculating limitations period). Petitioner's motion for a new trial would likewise be considered a collateral attack on his conviction because it was filed over three years after his sentencing. Because these motions for state post-conviction relief were denied prior to the AEDPA's enactment date of April 24, 1996, however, petitioner was still given one year from that date, that is, no later than April 24, 1997, to file his habeas petition, unless the statute of limitations was otherwise tolled. *See Miller v. Marr*, 141 F. 3d 976, 977 (10th Cir. 1998); *Davis v. Stegall*, No. 02-73093, 2003 WL 1867920, at *2 (E.D. Mich. Mar. 17, 2003).

Petitioner filed his post-conviction motion for relief from judgment pursuant to Mich. Ct. R. 6.500, *et. seq.*, on August 29, 2005, after the one-year limitations period had already expired. A state-court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Therefore, petitioner's state post-conviction proceedings did not toll the running of the statute of limitations, and the instant petition is untimely.[5]

---

[5] The Court notes that petitioner had requested the appointment of post-conviction counsel prior to this date. Petitioner's counsel does not indicate the date that petitioner requested the appointment of counsel, although she notes in her brief that the trial court granted petitioner's request for the appointment of appellate counsel on September 27, 2004. Presumably, petitioner's request for counsel was made close in time to this date. The Eighth Circuit has noted that "there is no federal precedent for treating a motion for appointment of counsel as a properly filed application for postconviction relief." *Beery v. Ault*, 312 F. 3d 948, 951 (8th Cir. 2002). Petitioner's motion

The one-year limitations period under the AEDPA is considered a statute of limitations that is subject to equitable tolling and is not a jurisdictional prerequisite that would bar review by the federal courts if not met. *See Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *id.* at 1008–09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one-year limitations period. *Jurado*, 337 F. 3d at 642.

Petitioner claims that he should be entitled to equitable tolling because his appellate counsel was permitted to withdraw from representing him in 1970 and he had no counsel to assist him with obtaining relief from the state courts.

In *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583–84 (6th Cir. 2003), the Sixth Circuit held that a habeas petitioner was not entitled to have the limitations period equitably tolled based on appellate counsel's failure to pursue an appeal in state court, where the petitioner offered no explanation for the almost ten year delay between his last communication with his lawyer and the filing of his motion for leave to file a delayed appeal in state court.

Likewise, in *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002), the Sixth Circuit held that the alleged actions by the state trial court in failing to give petitioner notice of his appeal rights at sentencing, by not timely appointing counsel to perfect a belated appeal, and by delaying the preparation of the trial transcripts for an unspecified amount of time did not toll the limitations

---

for the appointment of post-conviction relief would not toll the limitations period, particularly in this case, where petitioner's request for the appointment of post-conviction counsel was made some thirty-five years after his sentencing.

period. Although acknowledging that these actions may have interfered with the petitioner's direct appeals in the state courts in the early 1990s, the Sixth Circuit held that petitioner was not entitled to equitable tolling because he failed to explain why these actions prevented him from filing his habeas petition until 2001.

In this case, petitioner does not explain how his appellate counsel's withdrawal from his appeal in 1970 and the trial court's failure to appoint counsel to represent him on his two *pro se* motions in 1972 prevented him from filing his post-conviction motion for relief from judgment with the state trial court until over thirty years later. Petitioner would not be entitled to equitable tolling on this basis.

Petitioner would also not be entitled to equitable tolling because petitioner, by his own admission, was on escape status from prison for a seven-and-a-half year period between 1981 and 1988.[6] Petitioner's act of escaping from prison contributed to the circumstances that he claims have limited his ability to file a timely habeas petition, including post-conviction counsel's difficulties in obtaining the trial-court records. Accordingly, he is not entitled to equitable tolling of the limitations period. *See Verikokidis v. Galetka*, 42 Fed. Appx. 311, 312–13 (10th Cir. 2002).

Finally, petitioner is not entitled to equitable tolling of the limitations period because petitioner did not file his habeas petition until almost one year after his state application for post-conviction relief was denied, even though petitioner had notice of the expiration of the limitations period prior to its expiration and thus failed to show due diligence in filing.*See McClendon v. Sherman*, 329 F. 3d 490, 495–96 (6th Cir. 2003).

Finally, it must be considered whether the period of limitations should be equitably tolled

---

[6] *See* Brief in Support of Petition for Writ of Habeas Corpus, p. 2, fn. 2.

for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F. 3d 577, 601 (6th Cir. 2005). Any actual-innocence exception to AEDPA's statute of limitations is inapplicable, in light of the fact that petitioner pleaded guilty to the charge that he challenges in this petition. *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1). The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 28, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290